UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aaron Curry,                                                Civ. No. 17-4346 (PAM/SER)

                Plaintiff,

v.                                                          **MEMORANDUM AND ORDER**

Officer J.D. Walker, D Mueller, Officer
M. Phernetton, D. Mooneyham, Officer
A. Lean, Officer N Carson, Zakari
Ketchmark, and Jeremy Brodin,

                Defendants.

---

This matter is before the Court on Defendants' Motion for Summary Judgment. For the following reasons, the Motion is granted.

**BACKGROUND**

At approximately 11:00 am on Wednesday, September 6, 2017, a Minneapolis community service officer saw a car driving with fake license plates. The plate read "PRIVATE" instead of the standard state-issued numbers and letters. The top of the plate stated, "NO DRIVER LICENSE OR INSURANCE REQUIRED." At the bottom, the plate read, "NOT FOR COMMERCE USE – PRIVATE MODE OF TRAVEL."

The officer radioed into dispatch with a description of the driver. By the time Defendant Officer David Mooneyham and his partner, Officer Heidi Eisenbeis, responded, the car was parked on 9th Street South at 5th Avenue in downtown Minneapolis. A person matching the description of the driver was accessing the car's

trunk.[1]  Officer Mooneyham asked the individual for his license, registration, and proof of insurance.  The individual, subsequently revealed to be pro se Plaintiff Aaron Curry, refused, telling the officers that he was a "sovereign citizen" and thus not subject to state and municipal laws.  Curry also requested to speak with a sergeant.  He asked several times whether he was free to go, and the officers told him that he was not free to leave until they were finished investigating.  In the meantime, more officers, including Defendant Officers Davis Mueller, Myron Phernetton, Andrea Leal, and Nathan Carlson, responded to the scene and tried to convince Curry to tell them who he was.

The officers could see the VIN of the car, and a search of the VIN showed that someone named Denise Bass owned the car.  Curry admitted knowing someone with the last name "Bass" but told the officers that any further information about "Bass" was "confidential."  The officers eventually identified Curry and discovered that his license had been revoked.  The community service officer who witnessed Plaintiff driving the car came back to the scene and, at Mooneyham's request, executed a citizen's arrest form for Curry.  But Defendant Sergeant James Walker, who had by this point arrived on the scene, decided not to arrest Curry.  Thus, almost immediately thereafter, the officers told Curry that he was free to leave.

The officers then began to search the car to prepare it to be towed.  Curry returned a few minutes later.  He told the officers that he did not agree to his car being searched.  After a lengthy discussion regarding his rights, Officer Mooneyham handed Curry

---

[1] The Court has viewed the two bodycam videos submitted with Defendants' Motion (Carter Decl. Ex. 2 (Docket No. 28)).  The facts set forth below are taken from those videos.

2

prescription medicine found in the car.  Curry retrieved other items from the car and left again.  The officers finished searching the car, and it was towed and impounded.  (Carter Decl. Ex. 4 (Docket No. 26-1).)  Curry was cited by mail for three misdemeanor violations: driving after revocation, no proof of insurance, and a traffic violation.  (Id. Ex. 1 (Docket No. 27).)

Curry filed this lawsuit two weeks later.  His seven-page Amended Complaint recounts the incident and all of the ways Curry believes the officers violated his rights.  (Docket No. 4.)  Curry also filed a Second Amended Complaint, but it appears this pleading merely adds two Defendants, Officers Zakari Ketchmark and Jeremy Brodin, and is not intended to supplant the Amended Complaint.  (Docket No. 9.)  According to the City, these two late-added Defendants were not involved in this incident in any way.

Curry contends that he was detained without probable cause, that the seizure of his car was unlawful, and that the police conspired to violate his right to travel "and of all rights under god and federal law . . . ."  (Am. Compl. at 2.)  The Second Amended Complaint against Ketchmark and Brodin also contends that Brodin "reach[ed] for his gun to commit a act of violence."  (2d Am. Compl. at 2.)

Defendants now seek summary judgment.  Curry responded to the Motion by arguing only that he requires more discovery.  (Docket No. 36.)  But the Magistrate Judge assigned to the case denied Curry's "Motion for Discovery" (Docket No. 45), and thus there is no futher discovery due in this matter.

The Court held a hearing on the Motion for Summary Judgment on May 29, 2018.  Curry did not appear at the hearing.

3

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and inferences that "may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

Curry did not respond to Defendants' argument that Defendants Ketchmark and Brodin were not involved in the September 6, 2017, incident. There is no evidence that either of these Defendants was on the scene or interacted with Curry at any point during the incident in question. These Defendants are therefore dismissed.

**A.   Qualified Immunity**

Qualified immunity protects police officers from suit unless "their conduct . . . violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A police officer "is entitled to summary judgment based on qualified immunity unless (1) the evidence, viewed in the light most favorable to the nonmoving party, establishes a violation of a federal constitutional or statutory right, and (2) the right was clearly

4

established at the time of the violation." Capps v. Olson, 780 F.3d 879, 884 (8th Cir. 2015).

The Supreme Court has recently emphasized that the qualified-immunity inquiry should focus on whether there are any cases "where an officer acting under similar circumstances as [the defendant officer] was held to have violated the [Constitution.]" White v. Pauly, 137 S. Ct. 548, 552 (2017).  In other words, while there does not have to be a case "'directly on point' for a right to be clearly established, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" Id. at 551 (quoting Mullenix v. Luna, 136 S. Ct. 305, 308 (2015)).

**B.     Unreasonable Search and Seizure**

Police are entitled to investigative stops and brief detentions, when there is "a particularized and objective basis for suspecting the particular person stopped of criminal activity." United States v. Cortez, 449 U.S. 411, 417-18 (1981).  The reasonable suspicion required for an investigative stop is less than probable cause. United States v. Sokolow, 490 U.S. 1, 7 (1989).

Given that officers saw Curry driving a car without proper license plates, they had a "particularized and objective basis for suspecting legal wrongdoing." United States v. Arvizu, 534 U.S. 266, 273 (2002) (quotation omitted).  The officers believed that Curry was driving an unregistered and uninsured vehicle, both of which violate state law. Because Curry refused to cooperate by giving his name, or indeed any information, the length of the stop was also not unreasonable.  The officers did not violate Curry's constitutional rights, and Curry's § 1983 claims fail.

5

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendants' Motion for Summary Judgment (Docket No. 23) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 30, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge